Filed 9/23/24  P. v. Tomanogi CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083521 |
| v. | (Super.Ct.No. FSB23000947) |
| FISAGA TOMANOGI, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Alexander R. Martinez, Judge.  Dismissed.

Matthew Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On September 18, 2023, defendant and appellant Fisaga Tomanogi, Jr., pled no contest to assault by means likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4), count 2.) Pursuant to the plea agreement, the court ordered defendant placed on 24 months of formal probation.[1] The court held the restitution hearing on February 23, 2024. On March 8, 2024, the court ordered defendant to pay $4,120 in victim restitution.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738,[2] setting forth a statement of facts, a statement of the case, and identifying one potentially arguable issue: whether the court erred in calculating lost wages and moving expenses at the restitution hearing.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, defendant has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

---

[1] A term of defendant's plea provided that if defendant had no violation of his probation for nine months, the court would reduce the offense from a felony to a misdemeanor pursuant to Penal Code section 17, subdivision (b).

[2] In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court held that *Wende* and *Anders* procedures do not apply to appeals from postjudgment proceedings. (*Delgadillo*, at pp. 224-226.)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER      
         J.

We concur:

RAMIREZ      
     P. J.

MENETREZ     
     J.

3